BRYAN CAVE LLP
Marcy J. Bergman, California Bar No. 75826
Stephanie A. Blazewicz, California Bar No. 240359
Haley T. Albertine, California Bar No. 286946
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: marcy.bergman@bryancave.com
stephanie.blazewicz@bryancave.com
haley.albertine@bryancave.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,

Plaintiff,

vs.

URBANOG INC., a California corporation; and DOES 1-50,

Defendants.

Case No.

**COMPLAINT FOR**

**(1) FEDERAL TRADEMARK INFRINGEMENT**
**(2) FEDERAL FALSE DESIGNATION OF ORIGIN**
**(3) TRADEMARK DILUTION**
**(4) CALIFORNIA STATUTORY UNFAIR COMPETITION**
**(5) COMMON LAW UNFAIR COMPETITION**
**(6) CALIFORNIA STATUTORY TRADEMARK DILUTION**

**DEMAND FOR JURY TRIAL**



SF01DOCS\159750.2\C070820\0232415

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

1. Plaintiff AirWair International Ltd. is a wholly owned subsidiary of R. Griggs Group Ltd. and is engaged in the design, manufacture, marketing and sale of Dr. Martens® footwear (Airwair International Ltd. and R. Griggs Group Ltd. are referred to collectively hereafter as "AirWair"). Airwair International Ltd. and its parent company, R. Griggs Group Ltd., are companies of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Wellingborough, Northamptonshire, NN29 7SW, United Kingdom.

2. On information and belief, defendant Urbanog Inc. ("URBANOG" or "Defendant") is a company based in California with a shipping facility located in Chino, California, that manufactures, markets, distributes and sells clothing and footwear products in the United States and within this District through its website, http://www.urbanog.com/. URBANOG's footwear products are the subject matter of this action.

3. Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AIRWAIR ("Doe Defendants"). Plaintiff will seek leave of Court to substitute their true names when they become known.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

5. This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

## FACTUAL ALLEGATIONS

7. AirWair is headquartered in the village of Wollaston, England and, through its predecessor company, has manufactured footwear since 1901. AirWair has been manufacturing

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

and marketing Dr. Martens® footwear since 1960.

8. Since as early as 1984, AirWair has marketed and sold Dr. Martens boots, shoes and sandals in the United States using a distinctive trade dress that features yellow stitching in the welt area of the sole, a two-tone grooved sole edge and a black fabric heel loop.

9. Dr. Martens footwear is widely recognized and extremely popular and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive trade dress of its iconic boots and shoes has been used by the company since 1960 and is world famous. Over the past 30 years, millions of pairs of shoes, boots and sandals with the distinctive trade dress have been sold in the United States.

10. AirWair holds many registrations for its trade dress throughout the world including the following registrations in the United States Patent and Trademark Office:

- "the combination of yellow stitching in the welt area and a two-tone grooved sole edge" (Reg. No. 2,437,751, attached as **Exhibit 1**);
- the yellow "welt stitch located around the perimeter of footwear" (Reg. No. 2,437,750, attached as **Exhibit 2**);
- its DMS undersole design mark (Reg. No. 2,102,468, attached as **Exhibit 3**, the "DMS Design Mark");
- "the design of an [*sic*] sole edge including longitudinal ribbing, and a dark color band over a light color" (Reg. No. 2,104,349, attached as **Exhibit 4**); and
- "longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab at the top back heel of footwear" (Reg. No. 2,341,976, attached as **Exhibit 5**).

11. All of the above trademarks ("Trademarks") and the trade dress of Dr. Martens footwear ("Trade Dress") have been in use for over 50 years, and have been used in the United States since 1984.

12. AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act and the Trademarks and Trade Dress referenced in Exhibits 1, 2, and 3, which marks have become incontestable.

13. AirWair celebrated the 50th anniversary of its classic Dr. Martens footwear with its distinctive Trade Dress including yellow welt stitching, two-tone grooved sole edge and the heel loop.

14. Examples of classic Dr. Martens footwear, including the 1461 shoe are shown below.



15. The distinctive Dr. Martens Trade Dress and each of the distinctive elements thereof are distinctive or have acquired distinctiveness, and are non-functional.

16. AirWair is informed and believes that URBANOG has in the past and continues to market, distribute and sell boots and shoes that are confusingly similar to and which unlawfully copy the distinctive Dr. Martens Trade Dress and various distinctive features of Dr. Martens footwear in violation of its rights. The infringing styles manufactured, marketed, and sold by Defendant include, without limitation:

- "Bamboo Notch-02 Leopard Military Lace Up Bootie"
- "Bamboo Notch-02 Camouflage Military Lace Up Bootie"
- "Bamboo Notch-02 Leatherette Lace Up Military Bootie"
- "Bamboo Notch-02 Floral Print Military Lace Up Bootie"
- "Gwen 01H1 Polished Patent Lace Up Boot"
- "Gwen 01H1 Camouflage Lace Up Boot"
- "Gwen 02H1 Multicolor Fabric Military Lace Up Boot"
- "Pensky-1 Patent Lace Up Military Boot"
- "Pensky-2 Floral Print Lace Up Military Mid Calf Boot "

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

- "Pensky-2 Leatherette Lace Up Military Mid Calf Boot"
- "Quicker 08 Round Toe Lace Up Ankle Bootie"
- "Soda Grunge S Leatherette Round Toe Lace Up Bootie"
- "Topic Patent Round Toe Military Lace Up Bootie"
- "Topic 04 Leatherette Round Toe Military Lace Up Bootie"
- "Topic 04 Metallic Round Toe Military Lace Up Bootie"
- "Topic 8 Leopard Lace Up Round Toe Bootie"
- "Topic 12 Studded Spike Military Lace Up Bootie"
- "Wild Diva Raven-01 Polished Patent Lace Up Boot"
- "Wild Diva Lounge Raven-15 Patent Military Lace Up Boot"
- "Wild Diva Lounge Raven-15 Leatherette Military Lace Up Boot"
- "Qupid Portland-01 Jelly Floral Lace Up Rain Boot"
- "Qupid Portland-01 Jelly Lace Up Rain Boot"
- "Qupid Portland-01 Jelly Plaid Lace Up Rain Boot"
- "Qupid Portland-01 Jelly Camouflage Lace Up Rain Boot"
- "Rosette Spectrum-01 Jelly Lace Up Rain Boot"

(the "Infringing Footwear"). These boots are pictured in **Exhibits 6 through 14** attached hereto.

17. The Infringing Footwear unlawfully copies and uses the distinctive Dr. Martens Trade Dress and distinctive features of Dr. Martens footwear, including yellow welt stitching, two-tone grooved sole edge, DMS undersole pattern, and black fabric heel loop.

18. The overall configuration and appearance of the Infringing Footwear is virtually identical to the iconic Dr. Martens 1460 boot, as shown below, and is likely to cause confusion as to the source, sponsorship or origin of the Infringing Footwear:

*[The balance of this page is intentionally left blank.]*

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105





**Genuine Dr. Martens® 1460 Boot**



**URBANOG Infringing Footwear**
**"Topic 04 Leatherette Round Toe Military Lace Up Bootie"**



**Genuine Dr. Martens® 1460 Boot**



**URBANOG Infringing Footwear**
**"Bamboo Notch-02 Leopard Military Lace Up Bootie"**

19. The Infringing Footwear is offered for sale, advertised and promoted in the United States at the URBANOG website at http:// http://www.urbanog.com/. URBANOG also advertises through Facebook (https://www.facebook.com/UrbanogFans), Twitter (https://twitter.com/UrbanOGcom), Google Plus (https://plus.google.com/+urbanog/posts), YouTube (http://www.youtube.com/user/URBANOGcom), Pinterest (http://pinterest.com/urbanog/), Instagram (http://instagram.com/urbanogcom), Tumblr

(http://urbanogcom.tumblr.com/), and Blogspot (http://urbanogcom.blogspot.com/), marketing and promoting the Infringing Footwear in California.

20. AirWair is informed and believes that the infringing footwear is regularly sold in California and in the Northern District of California. True and correct copies of receipts for some of the Infringing Footwear purchased in California through http://www.urbanog.com/ are attached hereto as **Exhibit 15**.

21. URBANOG's offering for sale and sale of the Infringing Footwear is likely to cause and has caused confusion between Dr. Martens footwear and URBANOG's footwear.

22. AirWair is informed and believes that URBANOG is familiar with the Dr. Martens Trademarks and Trade Dress, and intentionally copied the same in its Infringing Footwear. The use of the Dr. Martens Trademarks and Trade Dress on the Infringing Footwear suggests a sponsorship and affiliation that does not exist.

23. URBANOG has no right to use the Dr. Martens Trademarks and Trade Dress. URBANOG's sale, advertisement, distribution, and promotion of the Infringing Footwear in the United States is without authorization or consent from AirWair.

24. URBANOG's conduct in copying the Dr. Martens Trademarks and Trade Dress has been systematic and deliberate. URBANOG has copied the Dr. Martens Trademarks, Trade Dress, and the overall style and configuration of Dr. Martens boots and shoes as closely as possible in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens footwear.

25. By reason of URBANOG's acts, AirWair has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits AirWair would have realized but for URBANOG's acts. Unless restrained and enjoined, URBANOG will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from URBANOG's actions.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement in Violation of Lanham Act Section 32, 15 U.S.C. Section 1114)**

26. AirWair realleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. Defendant has, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy or colorable imitation of the Dr. Martens Trademarks and Trade Dress in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

28. Defendant has, on or in connection with footwear products, reproduced, counterfeited, copied and/or imitated the Dr. Martens Trademarks and Trade Dress and has applied such reproductions, counterfeits, copies and/or colorable imitations to footwear, signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

29. Defendant is acting and has acted with knowledge that its unlawful copying and use of the Dr. Martens Trademarks and Trade Dress are counterfeit and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

30. Defendant's acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts.

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

31. AirWair realleges and incorporates herein by reference paragraphs 1 through 30 of this Complaint.

32. Defendant's unlawful copying and use of the Dr. Martens Trademarks and Trade Dress in connection with its footwear products is a false and misleading designation of origin and

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

a false and misleading representation of facts, which:

(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with AirWair, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by AirWair; and/or

(b) in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities.

33. Defendant's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

**THIRD CLAIM FOR RELIEF**

**(Federal Trademark Dilution in Violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c))**

34. AirWair realleges and incorporates herein by reference paragraphs 1 through 33 of this Complaint.

35. The Dr. Martens Trademarks and Trade Dress are distinctive and famous in the United States. Defendant has used and is using trademarks and trade dress on its footwear products which are substantially indistinguishable from the Dr. Martens Trademarks and Trade Dress, after they became famous.

36. On information and belief, Defendant acted with knowledge of the fame and reputation of the Dr. Martens Trademarks and Trade Dress with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

37. Defendant's actions have and are likely to dilute, blur and tarnish the distinctive quality of the Dr. Martens Trademarks and Trade Dress, and lessen the capacity of the Dr. Martens Trademarks and Trade Dress to identify and distinguish the company's products.

38. Defendant's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts. Unless Defendant is restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

39. Because Defendant acted willfully and intentionally to trade on AirWair's reputation and/or cause dilution of its famous Trademarks and Trade Dress, AirWair is entitled to

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

**FOURTH CLAIM FOR RELIEF**

**(Unfair Competition in Violation of California Business & Professions Code Section 17200, et seq.)**

40. AirWair realleges and incorporates herein by reference paragraphs 1 through 39 of this Complaint.

41. Defendant's acts including the unlawful use and imitation of the Dr. Martens Trademarks and Trade Dress in connection with the manufacture, marketing, distribution and sale of footwear products constitute an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, et seq.

42. Defendant's pattern and practice of imitating the Dr. Martens Trademarks and Trade Dress in connection with their footwear products, and of trading upon AirWair's goodwill and reputation, constitutes an unfair business practice in violation of California Business and Professions Code §§ 17200, et seq.

43. Defendant's conduct was willful, and AirWair has been and is likely to be damaged by these acts.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

44. AirWair realleges and incorporates by reference paragraphs 1 through 43 of this Complaint.

45. Defendant's use and imitation of the Dr. Martens Trademarks and Trade Dress and the combination of its style features in footwear constitutes infringement, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Defendant, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of California and other states of the United States.

46. Defendant's willful acts of misrepresentation, fraud and deceit have unjustly enriched Defendant and violated AirWair's rights.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

**SIXTH CLAIM FOR RELIEF**

**(Dilution in Violation of California Business & Professions Code Section 14247, et seq.)**

47. AirWair realleges and incorporates by reference paragraphs 1 through 46 of this Complaint.

48. The Dr. Martens Trademarks and Trade Dress have become famous, in that they are widely recognized by the general consuming public of this state as a designation of source AirWair's high quality goods and services.

49. After the Dr. Martens Trademarks and Trade Dress became famous, Defendant began using trade dress and trademarks in connection with the Infringing Footwear that are substantially identical to the Dr. Martens Trademarks and Trade Dress.

50. Defendant's actions have diluted, blurred and tarnished the strong and positive associations represented by the Dr. Martens Trademarks and Trade Dress by lessening the capacity of the Dr. Martens Trademarks and Trade Dress to identify and distinguish AirWair's products and by causing AirWair's products and the Dr. Martens Trademarks and Trade Dress to be associated with footwear not made, sponsored or approved by AirWair.

51. Defendant's acts are in violation of California Business & Professions Code sections 14247, et seq., and AirWair has been and is likely to be damaged by these acts.

**PRAYER FOR RELIEF**

Wherefore, AirWair prays for judgment in its favor and against Defendant:

A. A preliminary and permanent injunction enjoining Defendant, its officers, shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers, manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from manufacturing, marketing, distributing or selling the Infringing Footwear or any other footwear products that use, imitate or copy any of the Dr. Martens Trade Dress or Trademarks, as illustrated in **Exhibits 1-5**, or any combination of them.

B. An Order directing Defendant to file with this Court and serve on AirWair's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

C. An Order that (1) all point-of-sale materials, labels, signs, boxes, prints, catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in the possession or control of Defendants bearing images, illustrations, or representations of the enjoined footwear, Trade Dress, Dr. Martens® name, and undersole patterns, and all plates, molds, matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed in accordance with written instructions from AirWair; (2) that Defendants disclose the identities of the vendors, manufacturers, distributors, suppliers, retailers and etailers of the Infringing Footwear, sole molds, and undersole; (3) all footwear bearing any of the Trade Dress features identified in Exhibits 1–5 hereto be delivered to AirWair or destroyed in accordance with written instructions from AirWair; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr. Martens, DOCS, DMs, or any version of the Trademarks and Trade Dress be immediately discontinued and removed from operation or view.

D. An accounting for Defendant's profits arising from Defendant's unfair competition and trademark infringement and an award of Defendant's profits to Plaintiff, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

E. An award of damages sustained by Plaintiff.

F. In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $1,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by Defendant.

G. An award of treble the actual damages awarded.

H. Pre-judgment and post-judgment interest on the above damage awards.

I. An award of costs and reasonable attorney's fees and expenses incurred by AirWair in connection with this action.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

J. Such other and further relief which this Court may deem just.

**DEMAND FOR JURY TRIAL**

AirWair hereby demands a trial by jury.

Dated: December 30, 2013

**BRYAN CAVE LLP**

By: */s/ Stephanie A. Blazewicz*
Marcy J. Bergman
Stephanie A. Blazewicz
Haley T. Albertine
Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105